Filed 2/14/24  P. v. Osegueda CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>SAMUEL OSEGUEDA,<br><br>　　Defendant and Appellant. | B331955<br><br>(Los Angeles County<br>Super. Ct. No. BA230279) |

APPEAL from an order of the Superior Court of Los Angeles County, Deborah S. Brazil, Judge.  Affirmed.

Valerie G. Wass, under appointment by the Court of Appeal; Samuel Osegueda, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

# INTRODUCTION

A jury convicted Samuel Osegueda in December 2007 on one count of first degree murder (Pen. Code, § 187, subd. (a)),[1] two counts of attempted willful, deliberate, and premeditated murder (§§ 187, subd. (a), 664, subd. (a)), and one count of conspiracy to commit murder (§ 182, subd. (a)(1)).  The jury found true the allegations that Osegueda personally and intentionally discharged a firearm causing great bodily injury or death (§ 12022.53, subds. (d) & (e)(1)) and that he committed the crimes for the benefit of, at the direction of, or in association with a criminal street gang, with the specific intent to promote, further, or assist in criminal conduct by gang members (§ 186.22, subd. (b)).  We affirmed Osegueda's convictions.  (*People v. Osegueda* (Apr. 13, 2010, B213246) [nonpub. opn.] (*Osegueda I*) [2010 WL 1444638].)

On June 16, 2023 the superior court denied Osegueda's petition for resentencing under section 1172.6 (former section 1170.95) without issuing an order to show cause, ruling Osegueda was ineligible for relief as a matter of law.  Osegueda appealed.

After reviewing the record, Osegueda's appointed appellate counsel filed a brief that did not identify any arguable issues. After independently reviewing the record and the contentions presented by Osegueda in his one-page supplemental brief, we have not identified any either.  Therefore, we affirm.

---

[1]     Statutory references are to the Penal Code.

# FACTUAL AND PROCEDURAL BACKGROUND

A. *A Jury Convicts Osegueda of Murder*

One afternoon in April 2002 Bobby and Paul Martinez were sitting on a bench in Trinity Park with Bobby's girlfriend, Jennie, and her three-year-old son.[2]  Trinity Park is between territory controlled by two rival criminal street gangs, the Primera Flats gang and the Ghetto Boyz gang.  The gangs have a history of violence between them, and both claimed Trinity Park as their territory.

As they sat on the bench, Osegueda, a member of the Primera Flats gang, approached them with several other Primera Flats gang members and asked:  "Is there any Gummy Bears right here in this park, because we're not going to have them in this park."[3]  Bobby told his brother Paul, a member of the Ghetto Boyz gang, not to say anything.  Bobby said to Osegueda, "Nobody is from nowhere."  Eventually, Osegueda and his fellow gang members left.

Later that evening, Paul was playing basketball at the Trinity Park gym when two hooded men entered.  Paul recognized Osegueda and saw that Osegueda's companion, Jose Romano, was carrying a shotgun.  Paul ran outside toward his aunt's house, and heard gun shots behind him.

---

[2]  The factual background is from the statement of facts in the prior opinion in Osegueda's direct appeal (*Osegueda I, supra,* B213246).

[3]  Referring to the Ghetto Boyz as Gummy Bears was a sign of disrespect.

Once outside, Paul saw his brother Mario, also a member of the Ghetto Boyz, sitting on a bench with Bobby, Jennie, and her son.  Paul told Mario to "watch out," and Osegueda aimed his weapon at Mario.  Mario ran away in the same direction Paul had run and heard four to seven shots.  As Osegueda was shooting at Mario, Jennie was frantically looking for her son.  After finding him "underneath" Osegueda's gun, she pushed Osegueda, which caused his hood to fall off, revealing his identity as one of the shooters.

Osegueda and Romano also fired their weapons multiple times in Paul's direction.  An eight-year-old child was caught in the crossfire and hit with a bullet; he died of a gunshot wound to the chest.  It was unclear whose weapon killed the child.

The jury convicted Osegueda on all counts except assault with a firearm.  On the conspiracy conviction, the jury found Osegueda committed four of the five alleged overt acts of conspiracy, including that Osegueda or other members of the Primera Flats gang went to Trinity Park to look for one or more members of the Ghetto Boyz and that one or more of them shot at Paul as he ran from the gym.  The jury found not true the alleged overt act that Osegueda entered the gymnasium with a firearm.  The trial court sentenced him to an aggregate prison term of 109 years to life.

Osegueda appealed, and we affirmed.  We rejected Osegueda's contentions that allowing a prosecution's expert witness to testify about Osegueda's subjective intent and expectations violated due process and that substantial evidence did not support his conviction for conspiracy to commit murder. (*Osegueda I*, *supra*, B213246.)

4

B.    *The Superior Court Denies Osegueda's Petition for Resentencing*

On August 30, 2022 Osegueda, representing himself, filed a petition for resentencing under section 1172.6 and asked the superior court to appoint him counsel. The court appointed counsel for Osegueda, and the People filed an opposition to the petition for resentencing. The People argued Osegueda was ineligible for relief because the jury found that he acted with the intent to kill and that the trial court did not instruct the jury on the felony-murder rule or the natural and probable consequences doctrine. Counsel for Osegueda filed a reply arguing that Osegueda established a prima facie case for relief and that the superior court should issue an order to show cause and hold an evidentiary hearing.

The superior court summarily denied the petition for resentencing. The court stated that, "after reviewing the jury instructions and the verdict forms, the court finds the jury was not instructed on felony murder or the natural and probable consequences doctrine, or any other theory of culpability in which malice could be imputed to the petitioner. Therefore, [Osegueda] is legally ineligible for relief pursuant to . . . section 1172.6." Osegueda filed a timely notice of appeal.

## DISCUSSION

We appointed counsel to represent Osegueda in his appeal from the superior court's order denying his petition. After reviewing the record, counsel for Osegueda did not identify any arguable issues. On December 8, 2023 counsel advised Osegueda that she was filing a brief stating she was unable to find any

5

arguable issues and that Osegueda could personally submit any contentions he believed the court should consider. Appointed counsel stated that she wrote Osegueda and explained her evaluation of the record on appeal, that she informed Osegueda he had the right to file a supplemental brief, and that this court would dismiss the appeal if he did not file one. Counsel also stated in her declaration she "sent appellant the transcripts of the record on appeal and a copy of this brief."

On January 2, 2024 we received a one-page handwritten supplemental brief from Osegueda. He stated that, though he does not have the trial transcripts, he remembers that the jurors were polled following the verdict and that they knew he "was not involved in this crime, but . . . must have committed crimes in the past." He also asserted that Juror No. 6 wrote the trial judge about "some wrongdoing in deliberating room." Finally, Osegueda asked whether "the fact the jury found [him] not guilty for firing or possessing a gun and guilty for conspiracy to commit murder" rendered him "ineligible for resentencing."

Effective January 1, 2019, the Legislature enacted Senate Bill No. 1437 to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1.) "'First, with certain exceptions, [Senate Bill No. 1437] narrowed the application of the felony-murder rule by adding section 189, subdivision (e) to the Penal Code. . . . [¶] Second, Senate Bill No. 1437 imposed a new requirement that, except in cases of felony murder, 'a principal in a crime shall act with malice

6

aforethought' to be convicted of murder.'" (*People v. Curiel* (2023) 15 Cal.5th 433, 448-449.) "One effect of this requirement was to eliminate liability for murder as an aider and abettor under the natural and probable consequences doctrine." (*Id.* at p. 449.)

Under section 1172.6 a defendant convicted of felony murder or murder under the natural and probable consequences doctrine can challenge his or her murder conviction if he or she "makes a 'prima facie showing' of entitlement to relief. . . . This, in turn, requires a showing that, among other things, he 'could not presently be convicted of murder' under the amendments to the murder statutes that became effective on January 1, 2019." (*People v. Arreguin* (2023) 89 Cal.App.5th 58, 62; see *People v. Strong* (2022) 13 Cal.5th 698, 708.) Section 1172.6, however, does not allow a petitioner to raise arguments that are not based on changes made by Senate Bill No. 1437. (See *People v. Burns* (2023) 95 Cal.App.5th 862, 865 ["Section 1172.6 does not create a right to a second appeal."]; *People v. Farfan* (2021) 71 Cal.App.5th 942, 947 ["The mere filing of a section [1172.6] petition does not afford the petitioner a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings."].) Thus, "a court may deny the petition at the prima facie stage if the record of conviction conclusively establishes that the petitioner was convicted on a theory not affected by Senate Bill No. 1437." (*People v. Berry-Vierwinden* (2023) 97 Cal.App.5th 921, 931.)

Osegueda's challenge to the jury findings does not implicate the changes made by Senate Bill No. 1437. Osegueda was not convicted on a theory of felony murder or under the natural and probable consequences doctrine. While the trial court instructed the jury on aiding and abetting, "Senate Bill No. 1437 did

not *change* the law to prohibit direct aider and abettor liability on an imputed malice theory." (*People v. Berry-Vierwinden*, *supra*, 97 Cal.App.5th at p. 936.) Osegueda's challenge to the jury's findings is not an argument he "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189" made by Senate Bill No. 1437. (§ 1172.6, subd. (a)(3).)

Nor is there merit to Osegueda's suggestion that he may be eligible for resentencing because the jury found not true the overt act allegation he had a firearm when he entered the gymnasium.[4] The trial court instructed the jury that, to find Osegueda guilty of conspiracy to commit murder, the jury had to find Osegueda "intended to agree and did agree . . . to intentionally and unlawfully kill." (See *People v. Ware* (2022) 14 Cal.5th 151, 164 [conspiracy to commit murder "'requires a finding of unlawful intent to kill, i.e., express malice'"]; *People v. Cortez* (1998) 18 Cal.4th 1223, 1226 [same]; *People v. Swain* (1996) 12 Cal.4th 593, 607 ["conviction of conspiracy to commit murder requires a finding of intent to kill"].) Given the jury's finding on the conspiracy charge, Osegueda is ineligible for relief under section 1172.6. (See *People v. Allen* (2023) 97 Cal.App.5th 389, 398 [superior court properly denied a petition under section 1172.6 where the jury instructions "told jurors that finding [the defendant] conspired to commit murder required finding that he had the intent to kill"].)

---

[4] The assault with a firearm count the jury acquitted Osegueda on was limited to whether Osegueda assaulted an individual named Anthony Madrigal, the boyfriend of Paul's aunt, in the arm. (*People v. Romano* (Oct. 25, 2004, B168928) [nonpub. opn.] [2004 WL 2378257].)

8

Because neither Osegueda nor his appellate counsel have identified a cognizable legal issue, and our independent review has not identified one either, the order denying his petition for resentencing is affirmed.  (See *People v. Delgadillo* (2022) 14 Cal.5th 216, 231-232; see generally *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The order denying Osegueda's petition for resentencing is affirmed.

SEGAL, Acting P. J.

We concur:

FEUER, J.

MARTINEZ, J.